# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RAYMOND ANDREWS, ) | 1:11cv01659 AWI DLB |
| ) | |
| Plaintiff, ) | ORDER DIRECTING PLAINTIFF TO FILE USM-285 FORM |
| ) | |
| v. ) | |
| ) | |
| FEDERAL BUREAU OF ) INVESTIGATION, ) | |
| ) | |
| Defendant. ) | |

Plaintiff David Raymond Andrews ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this action filed on September 27, 2011. Plaintiff alleges that Defendant Federal Bureau of Investigation ("FBI") violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

DISCUSSION

A.  Screening Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1)-(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to

state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.    Analysis

Plaintiff alleges a FOIA violation. "FOIA gives individuals a judicially-enforceable right of access to government agency documents." Lion Raisins Inc. v. U.S.Dep't of Agric., 354 F.3d 1072, 1079 (9th Cir.2004) (citing 5 U.S.C. § 552). To successfully assert a FOIA claim, a plaintiff must show that an agency has "improperly withheld" agency records. 5 U.S.C. § 552.

Plaintiff alleges that he requested information from the FBI in March 2011. The FBI failed to provide responsive records. In June 2011, Plaintiff appealed the failure, but the FBI denied his request. Complaint, pp. 9-10. Plaintiff asserts that the FBI's refusal to disclose all responsive material violates FOIA. Complaint, p. 12.

The complaint appears to state a cognizable FOIA claim. Accordingly, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following Defendant:

    FEDERAL BUREAU OF INVESTIGATION

2. The Clerk of the Court shall send Plaintiff one USM-285 form, one summons, an instruction sheet and a copy of the complaint filed September 27, 2011.

3. Within THIRTY (30) DAYS from the date of this Order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

    a. Completed summons;

    b. One completed USM-285 form; and two copies of the endorsed complaint filed September 27, 2011.

4. Plaintiff need not attempt service on Defendant and need not request waiver of service.  Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named Defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5. <u>The failure to comply with this Order will result in a Recommendation that this action be dismissed.</u>

IT IS SO ORDERED.

Dated:   **October 5, 2011**                          /s/ **Dennis L. Beck**
                                                            UNITED STATES MAGISTRATE JUDGE